IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD E. PARKER                                                                                          PETITIONER

VS.                           CASE NO.: 5:16-CV-294-JM-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                    RESPONDENT

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.  Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

II.   **Background**

On October 23, 2003, Mr. Parker entered a guilty plea to second-degree sexual assault, as a habitual offender.  *Parker v. Hobbs*, Case No. 5:14CV182-BD, docket entry #12-6, p. 1 (E.D.Ark. dismissed June 12, 2014).  The Garland County Circuit Court entered the judgment and commitment order on November 3, 2003.  *Id*. at #12-6, pp. 1-2.

As a result of the conviction, the Court sentenced Mr. Parker to the negotiated twenty-year term of imprisonment in the ADC.

On May 8, 2014, Mr. Parker filed a federal habeas petition challenging his conviction. *Id*. This Court dismissed the petition with prejudice. *Id*.

Mr. Parker has now filed the pending petition challenging the Arkansas Department of Correction's ("ADC") program placement decisions, the Arkansas Parole Board's ("APB") decisions, and a lack of medical treatment for Gender Identity Disorder. (#2) The Court cannot address any of these claims in a habeas corpus petition. For that reason, Judge Moody should summarily DISMISS Mr. Parker's habeas petition, without prejudice.

**III.   Discussion**

Mr. Parker brings this petition to challenge: (1) the ADC's decision to deny his placement on house arrest where he could participate in an ADC program; (2) the APB's "stipulation" that Mr. Parker complete a "bogus program"; (3) a lack of medical attention for Gender Identity Disorder; (4) his ADC classification; and (5) violations of the Prison Rape Elimination Act ("PREA").[1]  (#2, pp.4-11)  None of these claims raise an issue for

---

[1] Mr. Parker has already brought civil actions regarding most of the issues he raises here. (#2, p. 9)  Likely, Mr. Parker brings these issues in a habeas petition because of his limited ability to file suit under 42 U.S.C. § 1983 due to his litigation history.  See *Parker v. Norris*, 5:15CV00034-KGB (E.D.Ark. dismissed Dec. 17, 2015) (finding Mr. Parker to be a "three-striker"); *Parker v. Beebe*, 5:15CV00033-BRW (E.D.Ark. dismissed Feb. 25, 2015) (same issues raised in this petition; also finding Mr. Parker to be a "three-striker").

federal habeas corpus review. Even if they did, this Court lacks jurisdiction to address them because Mr. Parker has already challenged his conviction in a previous federal habeas petition. *Parker v. Hobbs*, Case No. 5:14CV182-BD (E.D.Ark. dismissed June 12, 2014).

A.   Federal Habeas Review

The Court can entertain Mr. Parker's habeas petition only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Here, Mr. Parker does not challenge the conviction or sentence that is the basis for his current custody. Instead, he complains about the location and conditions of his confinement, and those complaints cannot be addressed in a habeas corpus petition.

Even if Mr. Parker were challenging the validity of his custody, the Court could not address his petition because he has already challenged the conviction and sentence he is serving in a previous habeas corpus petition. *Parker v. Hobbs*, Case No. 5:14CV182-BD (E.D.Ark. dismissed June 12, 2014). Before filing a successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals

authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

  B.  Place of Confinement and Program Participation

Mr. Parker's complaints about where he is confined are not matters that state federal claims for relief under any theory. Prisoners do not have a constitutional right to be housed in, or transferred to, a particular prison unit. *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999). There is also no constitutional right for a prisoner to be eligible for, or participate in, prison programs. *Moody v. Daggett*, 429 U.S. 78, 88 fn. 9 (1976).

  C.  Prison Classification and PREA

Likewise, a prisoner has no constitutional right or interest in a prison classification. *Id.*; see also *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005) (*per curiam*) (ADC inmate has no constitutional right to particular prison classification). Mr. Parker's apparent classification as a PREA inmate does not change this fact.

Mr. Parker is apparently classified as a "Potential Sexual Predator" under the ADC's PREA related rules and regulations. Nothing in the PREA provides Mr. Parker with grounds for federal habeas relief. The PREA is not a basis for State custody and does not provide or extend any right or interest to Mr. Parker. Rather, the PREA simply

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

authorizes funding and the creation of national standards to help States detect, prevent, reduce, and punish prison rape. See 42 U.S.C. § 15601, *et seq*. Mr. Parker does not challenge the ADC's ability to promulgate rules and regulations regarding sex offenders. Such a challenge would be frivolous, as Mr. Parker has no federally protected interest in having State officials follow State laws, rules, or regulations. See *Phillips v. Norris*, 320 F.3d 844, 847 (no federal Constitutional interest in having state officers follow state law or prison officials follow prison regulations). And as a habitual sexual offender, Mr. Parker falls squarely under the definition of a "Potential Sexual Predator." (#2, p. 15)

    D.    Parole

This petition appears to be primarily about parole. Mr. Parker has been eligible for parole for some time, but the APB has apparently declined to grant parole until Mr. Parker completes certain prison programs.

A prisoner has no federal liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). Mr. Parker's only liberty interest is in release at the expiration of his sentence. See *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S. Ct. 859, 862 (2011)(the federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence). Nothing in the Arkansas parole statutes creates anything more than a possibility of parole. Thus, the statutes do not establish any right to release on parole that would trigger due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); see also *Hamilton v. Brownlee*, 237 F. Appx

114, 115 (8th Cir. 2007)(citing Ark.Code Ann. § 16-93-701(a)(1) (2006)(other citations omitted)).

     E.     Medical Treatment

Mr. Parker apparently has requested hormone therapy and birth control pills to treat his Gender Identity Disorder. (#2, p. 13) Assuming that the ADC denied his requests, the denial of hormone therapy and birth control pills does not call into question the validity of Mr. Parker's conviction, sentence, or custody. Clearly, this complaint is not subject to review in a federal habeas corpus proceeding.

**IV.**     **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Parker has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Parker has not provided any basis for issuing a certificate of appealability.

**V.**     **Conclusion**

Mr. Parker's claims are not subject to federal habeas review. Even if they were, the Court has no jurisdiction to consider it because it is a successive petition. For those reasons, Judge Moody should dismiss the pending petition for writ of habeas corpus, without prejudice. And because there is no substantial showing that Mr. Parker was

denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 27th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE